FILED'06 APR 25 13:27USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    CR No. 05-60020-3-AA

                                             OPINION AND ORDER

       Plaintiff,

   v.

SERGIO REYES-GONZALEZ,

       Defendant.

_____

AIKEN, Judge:

    On December 7, 2005, defendant pled guilty to seven counts of possession with intent to distribute five or more grams of methamphetamine, two counts of possession with intent to distribute fifty or more grams of methamphetamine, and one count of conspiracy to possess with intent to distribute fifty or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Sentencing is currently scheduled for June 20, 2006.

    On April 5, 2006, the court held an evidentiary hearing to determine whether defendant qualifies under the "safety valve" provision of the Mandatory Minimum Sentencing Reform Act ("MMSRA").

1   - OPINION AND ORDER

<u>See</u> 18 U.S.C. § 3553(f).  Under the safety valve, a defendant may obtain relief from an otherwise applicable mandatory minimum sentence if:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise . . .; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

<u>Id.</u>  A defendant has the burden of proving by a preponderance of the evidence that he is eligible for safety-valve relief.  <u>United States v. Ferryman</u>, ___ F.3d ___, 2006 WL 997607 (9th Cir. April 18, 2006); <u>United States v. Diaz-Cardenas</u>, 351 F.3d 404, 409 (9th Cir. 2003).

Here, the parties dispute whether firearms found in defendant's bedroom were possessed by defendant "in connection" with his drug trafficking offenses.  If defendant is found to have possessed firearms "in connection" with the drug offenses, he is

not eligible for sentencing under the safety-valve provision.

It is undisputed that two firearms were found in defendant's bedroom upon execution of a search warrant at his residence. A .38 caliber revolver and ammunition were located near a safe containing cash from defendant's drug trafficking offenses, and an unloaded SKS rifle was found in his bedroom closet.  Additionally, an ammunition clip for the rifle was found near defendant's mattress.

Defendant argues that the weapons were not possessed in "connection" to the drug transactions underlying his offenses of conviction, because he did not possess any firearm when engaging in the drug transactions.  Defendant also testified that the SKS rifle was not operational, and that he did not purchase the rifle or the revolver for the purpose of facilitating his drug crimes.

Based on the evidence presented, I am not convinced that the SKS rifle was in working order at the time it was seized.  Further, the government presented no evidence that defendant carried any type of firearm when he delivered methamphetamine.

However, a weapon does not have to be present when the actual drug transactions occurred if the firearm was connected with the criminal course of conduct.  See United States v. Stewart, 926 F.2d 899, 902 (9th Cir. 1991).  In addition to possession with intent to distribute, defendant pled guilty to conspiracy to possess with intent to distribute.  The revolver, fitted with a laser sight, was found in defendant's bedroom in close proximity to a substantial

amount of cash that defendant admitted was drug proceeds. These facts support a finding that defendant possessed the firearm in connection with his drug trafficking activities, and I do not find that defendant has met his burden of proving otherwise by a preponderance of the evidence.

Although defendant's uncle and aunt testified that they and other hunters sometimes carry handguns while hunting for protection, they did not testify that defendant used his handgun for this purpose. Likewise, defendant's aunt and uncle did not testify that they saw defendant use the revolver for target shooting. Defendant gave no plausible explanation as to why he would possess the revolver if not for protection, particularly when it was located near drug trafficking proceeds. Ferryman, ___ F.3d ___, 2006 WL 997607 *2; see also United States v. Stewart, 306 F.3d 295, 327 & n. 19 (6th Cir. 2002); United States v. Hallum, 103 F.3d 87, 89-90 (10th Cir. 1996).

Therefore, I find that defendant is not eligible for relief at sentencing under safety valve provision, and defendant's motion (doc. 106) is DENIED.

IT IS SO ORDERED.

Dated this 25 day of April, 2006.


_____
Ann Aiken
United States District Judge

4    - OPINION AND ORDER